## ADKINSON ET AL. *vs.* WRIGHT, ADM'R.

[ACTION ON PROMISSORY NOTE.]

1. *Perishable property; what not indispensable to authorize sale of.—* It is not indispensable that an application for the sale of property of an estate, because it is liable to waste or of a perishable nature, should be in writing and be verified by affidavit. But for the sake of order and precision, such an application should always be in writing and be verified by affidavit.
2. *Same; order of sale, when not void.—*Where the record shows that application was made, and that the court was satisfied by proof that the property was of the perishable nature alleged, and its sale would be beneficial to the estate, the sale is not void.

APPEAL from Circuit Court of Coffee.
Tried before Hon. J. McCALEB WILEY.

THE appellants were sued by the appellee, as administrator of Wiley Daniel, on a promissory note made by them payable to him in his representative capacity. They

defended on the ground that the note was given in payment for forty bushels of corn and a wagon, purchased at a sale had under an order of sale made by the probate court on the verbal application of the administrator.

The appellants had consumed the corn before suit was brought, but still retained possession of the wagon at the time of the trial, and did not offer to return it. The records of the probate court, including the order of sale, were introduced as evidence on the part of the appellee. The order of sale recites : " This day came Wm. Wright, the administrator of the estate of Wiley Daniel, deceased, and made a verbal application for an order of sale to sell," &c., [here follows description of property, the corn and wagon included,] upon the ground that said personal property is perishable and wasting, &c. And the court having heard the proof adduced in support of said application, and being fully satisfied that the application is fully sustained, and that the said property is perishable and liable to waste, and that it will be beneficial to said estate that the same should be sold at as early a day as possible, &c. It is therefore ordered," &c. [Here follows order of sale.]

This being all the evidence, the court, at the request of the plaintiff, charged the jury, that if they believed the evidence they must find for the plaintiff. There was a verdict and judgment accordingly, and hence this appeal. The charge of the court is now assigned as error.

W. C. OATES, for appellants.—1. The note sued on was given for property sold at an administrator's sale, made by order of court. The proceedings in the probate court do not show that that court had jurisdiction. The record does not show that there was any written application verified by affidavit, as required by law. This was necessary to entitle the court to take jurisdiction ; and without jurisdiction the sale was void.—Rev. Code § 2068 ; *Wilson, adm'r, v. Armstrong*, 42 Ala. 168.

W. D. ROBERTS, *contra*.

(No brief furnished the REPORTER.)

B. F. SAFFOLD, J.—An application for the sale of any property of an estate, even that of a perishable character, ought, for the sake of order and precision, to be made in writing, and be verified by affidavit. But the statute—Rev. Code, § 2068—does not seem to require it expressly in the case of property liable to waste, or of a perishable nature.

The record of the proceedings in the probate court recites that the administrator made verbal application for an order to sell specified articles, on the ground that they were perishable and wasting ; and that the court was satisfied by proof that the property was of the character alleged, and that the sale would be beneficial to the estate. It also recites that the petition was ordered to be recorded. This was a sufficient compliance with the law in this case.

The judgment was affirmed.